IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| v. | ) Nos. 4:22CR00296-1 SRC |
| | )        4:22CR00297-3 SRC |
| JEFFREY BOYD, | ) |
| Defendant. | ) |

**MOTION FOR SENTENCE REDUCTION PURSUANT TO
18 U.S.C. §3582 AND RETROACTIVE AMENDMENT 821 TO SENTENCING
GUIDELINES**

COMES NOW Defendant JEFFREY BOYD, through his appointed attorney Andrea L. Smith, and moves pursuant to 18 U.S.C. §3582(c)(2), Sentencing Guideline §1B1.10 and Amendment 821, for a reduction of the 36 month sentence in the two above cases which this Court imposed on December 6, 2022. For the reasons stated below, Mr. Boyd respectfully requests this Court reduce his sentence to time served. In support of this motion he states:

1. On August 26, 2022, Defendant plead guilty to and was convicted of two counts of wire fraud in Docket No. 4:22CR00296-1 SRC. On the same date he plead guilty to and was convicted of two counts in a seven count Indictment in Docket No. 4:22CR00297-3, for theft or bribery concerning programs receiving federal funds and for use of interstate

1

facilities in aid of acceding to corruption and official misconduct in a racketeering enterprise. *See* Presentence Investigation Report at 1 and 4.

2. At the December 6, 2022 sentencing hearing, this Court found that Mr. Boyd's total offense level under the grouping rules in both cases resulted was 19, that he had zero criminal history points and that his advisory sentencing range was 30-37 months. This Court imposed a sentence of 36 months. Mr. Boyd is currently serving that sentence and the Bureau of Prisons (BOP) projects his release date to be July 31, 2024. *See* 11/14/2023 Probation Report at 2.

3. Mr. Boyd is eligible for a reduction of his sentence by the retroactive application of Amendment 821 to USSG §4C1.1 pursuant to 18 U.S.C. § 3582(c)(2) and to the amended policy statement in §1B1.10.[1] Specifically, Amendment 821 creates a new Guideline at §4C1.1 which provides for a two offense level reduction in a defendant's offense level calculations if he or she has zero criminal history points and whose instant offense did not involve specified aggravating factors. Mr. Boyd meets the eligibility criteria identified by the Sentencing Commission.[2]

---

[1] Chapter Four of the Guidelines was amended effective November 1, 2023 providing for targeted, evidence-based changes to certain criminal history rules.  See USSG Amendment 821.  The Sentencing Commission has determined that both parts of the criminal history amendment are retroactive – regarding "Status Points" (Part A, §4A1.1) and "Zero Point Offenders" (Part B, §4C1.1) – for purposes of the policy statement USSG §1B1.10.

[2] (1) Mr. Boyd did not receive any criminal history points from Chapter Four, Part A; (2) he did not receive an adjustment under §3A1.4 (Terrorism); (3) he did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6)

4. In establishing the new §4C1.1, the Sentencing Commission was informed by its studies of recidivism among federal offenders, as well as other extensive data analysis of offenders with no criminal history points, and public comment. This recidivism data shows that "offenders with zero criminal history points have considerably lower recidivism rates than other offenders, including offenders with one criminal history point."[3] Among other findings, it concluded that "zero-point offenders were less likely to be rearrested than "one point" offenders.[4]   According to the Commission, "[a]pplying these changes retroactively will increase fairness in sentencing."[5]

5. As recalculated pursuant to Amendment 821, Mr. Boyd's total offense level is reduced from 19 to 17 months. This results in a lower Guideline range of 24 to 30 months, TOL/17 and CHC I, from his previous range of 30-37 months, TOL 19/ and CHC I. *See* 11/14/23 Probation Report at 2.

---

he did not personally cause substantial financial hardship; (7) he did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) Mr. Boyd did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) he did not receive an adjustment under §3B1.1 (Aggravating Role) and he was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.  USSG § 4C1.1(a)(Nov. 1, 2023).

[3] See Reason for Amendment, 2023 Amendments to the Sentencing Guidelines submitted to Congress April 27, 2023, at 107, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/federal-register-notices/202305_FR.pdf

[4] *Id.*

[5] U.S. Sentencing Commission, Press Release (Aug. 24, 2023).

6. As noted in the November 14, 2023 Probation Report, Mr. Boyd's recalculated Guidelines results in a new estimated release date of December 31, 2023. But Mr. Boyd will have to at a minimum (if this Court grants this motion) serve an extra month in prison given that Amendment 821 provides in the new §1B1.10(e)(2) that no order by the courts reducing defendants' sentences may take effect before February 1, 2024. Thus, Mr. Boyd respectfully requests this Court to reduce the 36 month sentence originally imposed pursuant to Amendment 821 and requests that this Court impose an amended sentence of time served.

7. Section 3582(c)(2) authorizes this Court to re-calculate Mr. Boyd's sentencing range under Amendment 821 and determine an appropriate sentence in accordance with the applicable § 3553(a) factors.  The policy statement in §1B1.10 provides that courts have discretion in determining whether, and to what extent, to reduce the sentence for any person eligible to be considered for retroactive application of an amended Guideline. Courts may also consider a defendant's conduct while incarcerated.  USSG §1B1.10, comment. (n.1).

8. Mr. Boyd has done excellently while serving his sentence in BOP.  Mr. Boyd has completed educational courses anatomy, piano, finance, economics, food handling, disease prevention, health and physiology. He is currently participating in a residential drug/alcohol treatment program in the BOP. (Mr. Boyd's Presentence Investigation Report

4

notes that Mr. Boyd self-reported that he began using excess alcohol in 2019 around the time his criminal conduct commenced. *See* Presentence Investigation Report at 24.)

9. On November 11, 2023 the Probation Office notified this Court that, as recalculated pursuant to Amendment 821, Mr. Boyd's new sentencing range is 24 to 30 months and that even though Mr. Boyd cannot be released from prison until February 1, 2024, his recalculated release date would be December 31, 2023. Mr. Boyd agrees with this analysis. *See* 11/14/23 Probation Report at 2.

WHEREFORE, as Mr. Boyd qualifies for a sentence reduction under Amendment 821, he respectfully requests that this Court enter an Amended Judgment reducing his sentence in both the above-enumerated cases to time served with an effective date of February 1, 2024.

Respectfully submitted,

/s/   Andrea L. Smith
ANDREA L. SMITH #61446MO
715 West Rosehill Ave.
Kirkwood, Missouri  63122
Telephone:  (314) 517-5113
E-mail: andreasmithesq@sbcglobal.net

ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Attorney.

                                          /s/ Andrea L. Smith
                                          ANDREA L. SMITH #61446MO